Filed 8/26/22  P. v. Pelayo CA2/2

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SAUL PELAYO,<br><br>　　　Defendant and Appellant. | B317900<br><br>(Los Angeles County<br>Super. Ct. No. PA021870) |

THE COURT:

　　　Saul Pelayo appeals the order of the superior court denying his postjudgment motion to modify his sentence to stay or reduce the order to pay a $5,000 restitution fine.  (Pen. Code,[1] § 1202.4, subd. (b).)  We appointed counsel to represent Pelayo on appeal. After examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496

---

[1] Undesignated statutory references are to the Penal Code.

(*Serrano*).  Pelayo filed a supplemental brief, in propria persona, on August 11, 2022.

## BACKGROUND

In 1999, Pelayo was convicted by a jury of murder (§§ 187, subd. (a)) with personal use of a firearm (§ 12022.5, subd. (a)). On November 3, 1999, the trial court sentenced Pelayo to state prison for 25 years to life and imposed a $5,000 restitution fine pursuant to section 1202.4, subdivision (b).  On direct appeal from the judgment, this court affirmed the conviction and sentence.  (*People v. Pelayo* (Oct. 4, 2000, B137409) [nonpub. opn.].)  The California Supreme Court denied review on December 20, 2000, and this court issued the remittitur in the case on January 4, 2001.  On September 19, 2005, this court denied Peyalo's petition for writ of habeas corpus in case No. B185594.  In two subsequent appeals, we affirmed the denial of Pelayo's postjudgment motion to strike the firearm enhancement (*People v. Pelayo* (Nov. 21, 2018, B290919) [nonpub. opn.]), and affirmed the summary denial of Pelayo's petition for resentencing under section 1172.6 (former § 1170.95)[2] (*People v. Pelayo* (Nov. 12, 2020, B303425 [nonpub. opn.]).

On December 13, 2021, Pelayo filed a "Motion to Stay Execution of Restitution Fines" imposed under section 1202.4 on the ground that the restitution fine was unlawful because it was ordered without a determination by the court of his ability to pay (citing *People v. Duenas* (2019) 30 Cal.App.5th 1157).  The superior court summarily denied the motion.

---

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10.)

2

## DISCUSSION

Because the instant appeal is not from his conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (See *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *Serrano*, *supra*, 211 Cal.App.4th at p. 503; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.)

In his supplemental brief, appellant contends: (1) The trial court violated appellant's due process rights by failing to conduct a hearing to consider appellant's ability to pay a restitution fine in excess of the statutory minimum. Further, appellant's history of payments, based on an automatic 50 percent deduction from prison wages and all other sources over nearly 23 years of incarceration, indisputably demonstrates his inability to pay the $5,000 restitution fine. (2) Under Code of Civil Procedure section 683.020, the restitution fine ordered on November 3, 1999, is not enforceable more than 10 years after its imposition. (3) Because courts have granted other similarly situated prisoners' motions to stay execution of restitution fines, the denial of appellant's motion for the same relief violates equal protection.

None of these contentions has merit. The time to challenge the trial court's imposition of the restitution fine in this case was at the time of sentencing, not 22 years later. It is settled that "a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) This rule applies to alleged sentencing

3

errors, including the imposition of fees and fines. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856 [constitutional right may be forfeited in criminal as well as civil cases by failure to make timely assertion of the right before tribunal having jurisdiction to determine it]; *People v. Gamache* (2010) 48 Cal.4th 347, 409, [defendant forfeited challenge to restitution fine by failing to object in trial court]; *People v. Scott* (1994) 9 Cal.4th 331, 351–354 [to preserve sentencing issue for appellate review, defendant must raise it in trial court].)

Further, Code of Civil Procedure section 683.020 does not apply to a restitution fine imposed under Penal Code section 1202.4. Enforcement of restitution fines ordered pursuant to section 1202.4 is governed by Penal Code section 1214, which provides: "If the judgment is for a fine, including a restitution fine ordered pursuant to Section 1202.4, . . . the judgment may be enforced in the manner provided for the enforcement of money judgments generally." (Pen. Code, § 1214, subd. (a); *In re J.H.* (2020) 47 Cal.App.5th 495, 499.) However, the statute specifically states that "Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9 of Part 2 of the Code of Civil Procedure shall not apply to any of the following: [¶] . . . [¶] . . . A restitution fine or restitution order imposed pursuant to Section 1202.4." (Pen. Code, § 1214, subd. (e); see also *In re J.H.*, at p. 502 ["while a restitution order in a delinquency case is enforceable like a money judgment, it is not a money judgment for the purpose of applying the 10-year period of enforceability of money judgments contained in Code of Civil Procedure section 683.020"].)

Fundamentally, however, this court has no jurisdiction to entertain an appeal from the summary denial of appellant's

4

motion to stay the execution of the restitution fine imposed under section 1202.4, subdivision (b), because the superior court had no jurisdiction to entertain appellant's freestanding motion 22 years after entry of judgment in this case. (*People v. King* (2022) 77 Cal.App.5th 629, 633 (*King*); *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084–1085 [because a trial court lacks jurisdiction to vacate or modify sentence after judgment once execution of the sentence has begun, an order denying such a motion by a trial court without jurisdiction is nonappealable]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207 ["A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citations] let alone in a motion to modify the same in the trial court after it has lost jurisdiction"].)  Accordingly, we must dismiss the appeal.

In *King*, we recognized the general common law rule that once execution of a criminal defendant's sentence has commenced, the trial court loses jurisdiction to modify the sentence. (*King*, *supra*, 77 Cal.App.5th at p. 636.)  We noted several exceptions to the rule: "Section 1170.03, subdivision (a) gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials.  [Citation.] The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ 1170.95, 1170.126, 1170.18.)  If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time.  [Citation.] And a trial court may of course rule on a defendant's challenge to

5

an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*King*, at p. 637.)

None of these exceptions applies here. Appellant seeks to reduce or stay the restitution fine in a freestanding motion filed 22 years after his judgment was rendered and affirmed on appeal, execution of his sentence had begun, a petition for review in the California Supreme Court had been denied, and remittitur had issued. The restitution fine was set within the statutorily permitted range and was authorized by section 1202.4, subdivision (b). We discern no clerical error pertaining to the fine.

Section 1237, subdivision (b) provides that a party may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Here, however, because the trial court lacked jurisdiction to modify the restitution fine, its order denying appellant's motion requesting to stay or reduce the fine did not affect his substantial rights and is not an appealable postjudgment order. (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 713, fn. 5.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.

_____

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.

6